1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   MATT STRONG, | CASE NO. 09 CV 01278 MMA (JMA) |
| 12                       Plaintiff, | **ORDER:** |
| 13 | **DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| 14    vs. | |
| 15 | [Doc. No. 32] |
| 16 | **GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| 17 | |
| 18   VALDEZ FINE FOODS dba PETER PIPER PIZZA #223; and VESTAR CALIFORNIA XVII, LLC, | [Doc. No. 35] |
| 19 | **DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| 20                      Defendants. | |
| 21 | [Doc. No. 56] |

22     Currently before the Court are three motions: (1) Plaintiff Matt Strong's motion for

23 summary judgment; (2) Defendants Valdez Fine Foods (doing business as Peter Piper Pizza #223)

24 and Vestar California XVII, LLC's motion for summary judgment; and (3) Plaintiff's motion for

25 leave to file a first amended complaint.  The Court in its discretion found each of the above

26 motions suitable for decision on the papers and without oral argument pursuant to Civil Local Rule

27 7.1(d)(1).

28 / / /

**BACKGROUND & PROCEDURAL POSTURE**

The following facts are not reasonably in dispute.  Plaintiff Matt Strong is a C-5 quadriplegic who is unable to walk or stand.  [*Pl.'s Stmt. of Undisputed Facts*, Doc. No. 32-2, Fact Nos. 1-2.]  Plaintiff requires the use of a wheelchair to travel about in public.  [*Id.* at Fact No. 2.]  Defendant Valdez Fine Foods, Inc. owns Peter Piper Pizza #223,[1] located at 2983 Jamacha Road, El Cajon, California 92019.  [*Defs's Resp. to Pl.'s Stmt of Facts*, Doc. No. 43, Fact No. 4.]  Peter Piper Pizza was built in 2000-2001.  [*Id.* at Fact No. 31.]  Defendant Vestar California XVII, Inc. ("Vestar") owns the shopping wherein Peter Piper Pizza is located.  [*Id.* at Fact No. 4.]

On April 29, 2009 and June 9, 2009, Plaintiff patronized Peter Piper Pizza.  [*Pl.'s Resp. to Defs's Stmt. of Undisputed Facts*, Doc. No. 45-3, Fact Nos. 2-3.]  Shortly thereafter on June 12, 2009, Plaintiff filed a complaint alleging he encountered multiple barriers during his visit to the restaurant that "interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility."  [*Cmplt.*, Doc. No. 1, ¶10.][2] Plaintiff provided a non-exclusive list of 10 barriers that allegedly exist at the restaurant:

1.   The disabled parking spaces have slopes that exceed 2.0%

2.   The adjacent access aisles have slopes that exceed 2.0%

3.   There is no International Symbol of Accessibility

4.   The slope of the sidewalk exceeds 2.0%

5.   There is no seating designated as being accessible to the disabled

6.   There is no seating accessible to the disabled

7.   There is no handle mounted below the lock of the water closet stall door

8.   There is insufficient clear floor space in front of the water closet

9.   The pipes underneath the lavatory are improperly and/or incompletely wrapped

10.  There is insufficient strike side clearance when exiting the restroom

---

[1] Because the only Peter Piper Pizza location at issue in this action is facility #223, owned by Defendant Valdez Fine Foods, Inc., the Court hereinafter refers to Defendant Valdez Fine Foods and/or  Peter Piper Pizza #223 as "Peter Piper Pizza."

[2] Plaintiff did not review the Complaint before it was filed, nor had he reviewed the Complaint prior to his deposition on September 16, 2010.  [*Strong Depo*, Doc. No. 42-2, Exh. A, p.24:22-25:7.]

1  [*Id.*]  The Complaint further asserts Plaintiff was, and continues to be, deterred from visiting Peter

2  Piper Pizza because of the threat of future injury created by the barriers.  [*Id*. at ¶11.]  Plaintiff

3  admits, however, that he has visited Peter Piper Pizza several times since his Complaint was filed.

4  [*Amended Decl. of Strong*, Doc. No. 45-2, ¶4; *Strong Depo.*, Doc. No. 42-2, Exh. A, p.16.]

5  Based on the barriers allegedly present in and around Peter Piper Pizza, Plaintiff asserts the

6  following four causes of action: (1) violations of the Americans with Disabilities Act of 1990; (2)

7  violations of California's Disabled Persons Act (Cal. Civ. Code §§ 54 *et seq.*); (3) violations of

8  California's Unruh Civil Rights Act (Cal. Civ. Code §§ 51 *et seq.*); and (4) violations of

9  California's Health and Safety Code §§ 19955 *et seq.*  [*See generally Cmplt.*]

10  In due course, Magistrate Judge Adler issued a Scheduling Order which set forth the

11  following pertinent deadlines:

12       3.    All expert disclosures required by Fed. R. Civ. P. 26(a) shall be
served on all parties on or before **March 19, 2010**.  Any contradictory

13  or rebuttal information shall be disclosed on or before **April 23, 2010**.
  . . .

14       **Please be advised that failure to comply with this section or
any other discovery order of the Court may result in the sanctions**

15  **provided for in Fed. R. Civ. P. 37, including a prohibition on the
introduction of experts or other designated matters in evidence.**

16

17  [Doc. No. 23, ¶3 (emphasis in original).]  Defendants timely disclosed their expert Philippe Heller,

18  and the expert report prepared from Heller's site inspection of Peter Piper Pizza.  Plaintiff,

19  however, did not designate any expert by March 19, 2010.  [Doc. No. 42-5, Exh. D.]  Instead, on

20  April 23, 2010—the deadline to submit rebuttal information—Plaintiff designated Reed Settle as

21  his rebuttal expert, and provided a rebuttal to Heller's expert report.  [Doc. No. 42-7, Exh F.]

22  Settle's rebuttal report identifies 24 alleged barriers in and around Peter Piper Pizza, only some of

23  which appear in Plaintiff's Complaint.[3]  [*Id.*; *Pl.'s MSJ,* Doc. No. 32-1.]

24  Plaintiff moves for summary judgment in his favor, as to all 24 asserted barriers.  [*Pl.'s

25  MSJ,* Doc. No. 32-1, p.3-5, 9.]  Defendants concurrently move for judgment in their favor,

26  ───────────────

27      [3] The Court notes that although Plaintiff has sued two distinct entities—Valdez Fine Foods,
the owner of Peter Piper Pizza, and Vestar, the owner of the shopping center in which the restaurant

28  is located—he makes no effort to identify which Defendant has control over each of the alleged
barriers.

1   asserting Plaintiff lacks standing to assert the barriers not identified in his Complaint, and that

2   Plaintiff has no admissible evidence to support his ADA and state-based claims. [*Defs's MSJ,* Doc.

3   No. 35.]

4   <u>**LEGAL STANDARD ON SUMMARY JUDGMENT**</u>

5         Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment

6   "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

7   affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

8   party is entitled to a judgment as a matter of law." *Hubbard v. 7-Eleven*, 433 F. Supp. 2d 1134,

9   1139 (S.D. Cal. 2006) (citing Fed. R. Civ. P. 56(c)(2)). It is beyond dispute that "[t]he moving

10  party bears the initial burden to demonstrate the absence of any genuine issue of material fact."

11  *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) (citation omitted). "Once

12  the moving party meets its initial burden, . . . the burden shifts to the nonmoving party to set forth,

13  by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine

14  issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation

15  marks and citations omitted).

16        A mere scintilla of evidence is not sufficient "to defeat a properly supported motion for

17  summary judgment; instead, the nonmoving party must introduce some 'significant probative

18  evidence tending to support the complaint.'" *Fazio v. City & County of San Francisco*, 125 F.3d

19  1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252). Thus, in opposing a

20  summary judgment motion it is not enough to simply show that there is some metaphysical doubt

21  as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

22  (1986) (citations omitted). However, when assessing the record to determine whether there is a

23  "genuine issue for trial," the court must "view the evidence in the light most favorable to the

24  nonmoving party, drawing all reasonable inferences in h[is] favor." *Horphag*, 475 F.3d at 1035

25  (citation omitted). On summary judgment, the Court may not make credibility determinations; nor

26  may it weigh conflicting evidence. *See Anderson*, 477 U.S. at 255. Thus, as framed by the

27  Supreme Court, the ultimate question on a summary judgment motion is whether the evidence

28  / / /

1   "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

2   that one party must prevail as a matter of law." *Id*. at 251-52.

3                                            **DISCUSSION**

4   **I.      ADMISSIBILITY OF EXPERT REED SETTLE'S DECLARATION AND REBUTTAL REPORT**

5               As a preliminary matter, the Court considers Defendants' objections to and motion to strike

6   the declaration of Reed Settle and his accompanying rebuttal expert report submitted in support of

7   Plaintiff's motion for summary judgment. [Doc. No. 44.]  Defendants argue the Court should

8   exclude Settle's declaration and report because Plaintiff did not timely disclose Settle as an expert

9   by March 19, 2010, as required by the Court's Scheduling Order.  Nor did Plaintiff move the Court

10  to amend the Scheduling Order or otherwise seek leave to designate Settle after the deadline to do

11  so expired.  Rather, Plaintiff introduced Settle—for the first time—on April 23, 2010, solely as a

12  rebuttal expert.  [Doc. No. 32-4, Exh. B.]  Defendants therefore assert that Settle's testimony and

13  report cannot be introduced to support Plaintiff's motion for summary judgment or carry his

14  burden at trial.

15              With respect to Defendants' first argument, the Court agrees that Settle's declaration and

16  rebuttal report are not admissible to support Plaintiff's motion for summary judgment, except for

17  rebuttal purposes.  Plaintiff's decision to designate Settle solely as a rebuttal expert necessarily

18  limits how Plaintiff may utilize Settle's testimony.  Federal Rule of Civil Procedure 26(a)(2)(A)

19  requires that, each "party must disclose to the other parties the identity of any witness it may use at

20  trial to present evidence under Federal Rule of Evidence 702, 703 or 705."  Ordinarily, each

21  "disclosure must be accompanied by a written report—prepared and signed by the witness—if that

22  witness is one retained or specially employed to provide expert testimony in the case . . . ."  Fed.

23  R. Civ. P. 26(a)(2)(B).  Rule 26(a)(2)(C) expressly authorizes courts to set scheduling deadlines

24  for the parties' expert disclosures.  Fed. R. Civ. P. 26(a)(2)(C) ("A party must make these

25  disclosures at the times and in the sequence that the court orders.").  Here, the Scheduling Order

26  issued by Magistrate Judge Adler required the parties to designate their experts no later than

27  March 19, 2010.  [Doc. No. 23.]  The Scheduling Order further required any contradictory or

28  rebuttal information to be disclosed no later than April 23, 2010.  [*Id*.]

1    Defendants move to exclude Settle's testimony under Federal Rule of Civil Procedure

2  37(c) because Plaintiff did not designate Settle as an expert by the Scheduling Order deadline.

3  Rule 37(c)(1) states:

4        If a party fails to provide information or identify a witness as required
         by Rule 26(a) or (e), the party is not allowed to use that information or
5        witness to supply evidence on a motion, at a hearing, or at a trial,
         unless the failure was substantially justified or is harmless.
6

7  Plaintiff does not dispute that he did not designate Settle as an expert by the Court's March 19

8  deadline.  In addition, when Defendants brought the missed deadline to Plaintiff's attention in a

9  letter dated April 1, 2010, Plaintiff still did not seek relief from the Court to designate an expert

10 after the deadline had passed.  [Doc. No. 44-2, Exh. B.]  Even now, in response to Defendants'

11 objections and motion to strike, Plaintiff makes no attempt to argue his failure to comply with the

12 Court's Scheduling Order was substantially justified or harmless.  Instead, Plaintiff creatively

13 attempts to characterize Settle as an investigator, and argues that Settle's testimony cannot be

14 excluded for rebuttal purposes.  [Doc. No. 52, p.3.]  Plaintiff misses the point.

15    Despite the fact that Plaintiff is represented by counsel who have significant experience

16 litigating the types of claims at issue here,[4] Plaintiff offers no argument why Settle's declaration

17 and report should be admitted to support his pending motion for summary judgment, or to carry his

18 burden at trial.  Accordingly, the Court finds exclusion of Settle's declaration and rebuttal report

19 as evidence to support Plaintiff's motion for summary judgment is appropriate under Rules

20 26(a)(2) and 37(c)(1).  *See Pickern v. Pier 1 Imports*, 457 F.3d 963, 966, 969 (9th Cir. 2006)

21

22    [4] *See, e.g., Hubbard v. Sobreck, LLC*, 554 F.3d 742 (9th Cir. 2009) (Hubbard named plaintiff
   and his firm counsel of record); *Hubbard v. Rite Aid, Corp.*, 433 F. Supp. 2d 1150 (S.D. Cal. 2006)
23 (same); *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134 (S.D. Cal. 2006) (same); *Chapman v. Pier
   1 Imports*, 2011 U.S. App. LEXIS 453 (9th Cir.) (Hubbard plaintiff's counsel of record); *Doran v. 7-
24 Eleven*, 524 F.3d 1034 (9th Cir. 2008) (same); *Pickern v. Pier 1 Imports*, 457 F.3d 963 (9th Cir. 2006)
   (same); *Wilson v. Pier 1 Imports*, 413 F. Supp. 2d 1130 (E.D. Cal. 2006) (same); *Harris v. Costco
25 Wholesale Corp.*, 389 F. Supp. 2d 1244 (S.D. Cal. 2005) (same); *Wilson v. Tony M. Sanchez & Co.*,
   2009 U.S. Dist. LEXIS 8183 (E.D. Cal.) (same); *Oliver v. KFC Corp.*, 2008 U.S. Dist. LEXIS 53576
26 (S.D. Cal.) (same); *Sanford v. Del Taco, Inc.*, 2006 U.S. Dist. LEXIS 69475 (E.D. Cal.) (same);
   *Martinez v. Home Depot USA, Inc.*, 2007 U.S. Dist. LEXIS 56421 (E.D. Cal.) (same); *Wilson v.
27 Norbreck, LLC*, 2006 U.S. Dist. LEXIS 69194 (E.D. Cal.) (same). See also, Plaintiff's opposition to
   Defendants' motion for summary judgment [Doc. No. 45, p.13]  stating, "'current case law' and
28 'existing law,' which the California legislature intended to codify, *originated from our firm*. (emphasis
   in original) (string cite omitted).

1    (affirming exclusion of untimely expert witness report); *Wilson v. Tony M. Sanchez & Co., Inc.*,

2    2009 U.S. Dist. LEXIS 8183 (E.D. Cal.) (excluding plaintiff's own declaration that contained

3    expert testimony because plaintiff failed to timely designate himself as an expert); *Lee v. City of*

4    *Novato*, 2004 U.S. Dist. LEXIS 18195 *14-18 (N.D. Cal.) (holding plaintiff's late-filed expert

5    testimony and report "inadmissible and cannot be used to create a triable issue of fact.").

6            In *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005), the Ninth Circuit

7    held that, "trial courts in both the federal and state systems routinely set schedules and establish

8    deadlines to foster the efficient treatment and resolution of cases.  Those efforts will be successful

9    only if the deadlines are taken seriously by the parties, and the best way to encourage that is to

10   enforce the deadlines.  Parties must understand that they will pay a price for failure to comply

11   strictly with scheduling and other orders, and that failure to do so may properly support severe

12   sanctions and exclusions of evidence."   Accordingly, the Court finds Plaintiff's failure to

13   designate Settle as an expert by the March 19 deadline warrants exclusion of his testimony as

14   affirmative evidence to support Plaintiff's claims.  Defendants' motion to strike Settle's

15   declaration and expert report in support of Plaintiff's motion for summary judgment is

16   **GRANTED**.

17   **II.      AMERICANS WITH DISABILITIES ACT**

18           Congress enacted the Americans with Disabilities Act ("ADA") to eliminate discrimination

19   against individuals with disabilities by providing "clear, strong, consistent, enforceable standards

20   addressing discrimination . . . ."  42 U.S.C. § 12101(b)(2).  The ADA defines a disability as "a

21   physical or mental impairment that substantially limits one or more major life activities of such

22   individual."  42 U.S.C. § 12102(1)(A).  The parties do not dispute that Plaintiff, as a C-5

23   quadriplegic who requires the use of a wheelchair to travel in public, is disabled within the

24   meaning of the ADA.

25           The ADA is divided into five sections that set forth varying requirements for different

26   types of entities.  *See Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1069 (D.C. Haw.

27   2000).  Title III is at issue here.

28   / / /

1

2

3

4

5

6

> Congress directed the Department of Justice ("DOJ") to issue regulations that provide substantive standards applicable to facilities covered under Title III. 42 U.S.C. § 12186(b) . . . [The] DOJ, in turn, adopted as regulations a set of guidelines promulgated by the Architectural and Transportation Barriers Compliance Board ("Access Board"), a body charged with establishing and maintaining minimum guidelines and requirements for the standards issued pursuant to Title III of the ADA.  29 U.S.C. § 792(b)(3)(B).  These regulations [are] known as the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") . . . .

7   *Or. Paralyzed Veterans of Am. v. Regal Cinemas, Inc.*, 339 F.3d 1126, 1129 (9th Cir. 2003)

8   (internal marks and case citations omitted); *see also Miller v. California Speedway Corp.*, 536

9   F.3d 1020, 1031-33 (9th Cir. 2008) (discussing relationship between Access Board guidelines and

10   ADA standards set by DOJ).[5]

11        As a place of public accommodation, Peter Piper Pizza is subject to the requirements of

12   Title III and the guidelines set forth in ADAAG.[6]  Plaintiff alleges Defendants discriminated

13   against him because the restaurant contains numerous architectural barriers that do not comply

14   with ADAAG, and therefore denied him full and equal access to the premises.  Discrimination

15   under the ADA can exist where a defendant fails "to remove architectural barriers in existing

16   facilities where such removal is readily achievable."  *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d

17   1150, 1159 (S.D. Cal. 2006) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)) (internal marks omitted);

18   *Miller*, 536 F.3d at 1024.  The ADA defines "readily achievable" as "easily accomplishable and

19   able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9).

20        Accordingly, to prevail on his Title III discrimination claim, Plaintiff must prove that (1)

21   he is disabled within the meaning of the ADA; (2) Peter Piper Pizza contains architectural barriers

22   prohibited by the ADA; and (3) the removal of the barriers is readily achievable.  *Rite Aid*, 433 F.

23   Supp. 2d at 1159 (citing 42 U.S.C. § 12183(a)(2)); *Doran v. 7-Eleven*, 524 F.3d 1034, 1048 (9th

24   Cir. 2008) (plaintiff bears the burden of showing a violation of ADAAG).  With respect to the

25   third element, Plaintiff bears the initial burden of proving (1) the existence of an architectural

26

27        [5] ADAAG is codified at 28 Code of Federal Regulations, Part 36, Appendix A.

28        [6] Peter Piper Pizza qualifies as new construction under the ADA as it was built in 2000-2001.  *See* 42 U.S.C. § 12183(a)(1); 42 U.S.C. § 12181(7)(B) (private entities such as restaurants are places of public accommodation); Doc. No. 43, at Fact No. 31.

1    barrier, and (2) that removal of the architectural barrier is readily achievable. *Id.*; *Parr*, 96 F.

2    Supp. 2d at 1085.  Only if Plaintiff satisfies his initial burden, does the burden shift to Defendants

3    to show that removing the architectural barrier is not readily achievable; Defendants bear the

4    ultimate burden of persuasion regarding this defense. *Mannick v. Kaiser Foundation Health Plan,*

5    *Inc.*, 2006 U.S. Dist. LEXIS 57173 *13-14 (N.D. Cal.).

6    **III.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

7            Defendants argue they are entitled to summary judgment because Plaintiff has no

8    admissible evidence to show that any barriers actually exist on Defendants' premises, and any

9    barriers Plaintiff allegedly encountered did not deter him from patronizing the restaurant after he

10   commenced this action.  Defendants also assert Plaintiff does not have standing to state a claim for

11   barriers that he did not personally encounter.  The Court first considers the scope of Plaintiff's

12   standing to determine which alleged violations are properly before the Court.

13           **(A)    Standing**

14           Defendants argue Plaintiff does not have standing to seek recovery for barriers that he did

15   not personally observe or encounter prior to filing the Complaint on June 12, 2009.  [Doc. No. 35,

16   p.5-6, 9-11; Doc. No. 42, p.10-11.]  Recently in *Chapman v. Pier 1 Imports*, 2011 U.S. App.

17   LEXIS 453 (9th Cir.), the Ninth Circuit reiterated the broad standing plaintiffs enjoy in ADA

18   actions.[7]  Specifically, the Court of Appeals held:

19                  We now clarify that when an ADA plaintiff has suffered an injury-in-
                    fact by encountering a barrier that deprives him of full and equal
20                  enjoyment of the facility due to his particular disability, he has standing
                    to sue for injunctive relief as to that barrier and other barriers related
21                  to his disability, even if he is not deterred from returning to the public
                    accommodation at issue. First, we hold that an ADA plaintiff can
22                  establish standing to sue for injunctive relief either by demonstrating
                    deterrence, or by demonstrating injury-in-fact coupled with an intent
23                  to return to a noncompliant facility. Second, we hold that an ADA
                    plaintiff who establishes standing as to encountered barriers may also
24                  sue for injunctive relief as to unencountered barriers related to his
                    disability.
25

26

27           [7] This opinion vacated the Court of Appeals' earlier decision in *Chapman*, cited by Defendants,
     which concluded that the plaintiff did not have standing as to barriers he did not personally encounter
28   because he testified he was not deterred by the barriers from returning to the defendant's place of
     business.

*Id.* at *4-5.  Accordingly, Plaintiff need not encounter every barrier for which he seeks relief. Because Plaintiff has adequately shown an intention to return to the non-compliant facility, and indeed, has already returned since he filed the Complaint, Plaintiff need only show that he suffered a single injury-in-fact by encountering a barrier at the restaurant.  [*See Strong Depo.*, Doc. No. 42-2, Exh. A, p.16:2-12.]

"[O]nce a disabled plaintiff has encountered a barrier violating the ADA, that plaintiff will have a personal stake in the outcome of the controversy so long as his or her suit is limited to barriers related to that person's particular disability."  *Chapman*, 2011 U.S. App. LEXIS at *13 (citing *Doran*, 524 F.3d at 1044) (internal marks omitted).  Congress intended that once an ADA plaintiff has established Article III standing, the scope of his standing be interpreted broadly. Congress' intent is reflected in the statute itself, which states, "[n]othing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions." 42 U.S.C. § 12811(a)(1).  In other words, a plaintiff who has encountered at least one barrier in a public accommodation, is not required to return to the non-compliant facility and risk additional injury to encounter all barriers he seeks to remedy.  *See Doran*, 524 F.3d at 1043-44.  Plaintiffs are entitled to conduct discovery to determine if additional barriers exist at the facility that might cause them injury, and have standing to seek injunctive relief to remedy the non-compliant barriers related to their disability.  *Id.*  Plaintiffs, however, do not have standing to raise barriers unrelated to their disability.  *Chapman*, 2011 U.S. App. LEXIS at *14-15 (citing *Doran*, 524 F.3d at 1044 n.7 (stating that a wheelchair-bound plaintiff cannot challenge all accessibility barriers, but only those affecting mobility); *accord Steger v. Franco, Inc*., 228 F.3d 889, 893 (8th Cir. 2000) (finding that a disabled plaintiff who was not blind "is not 'among the injured' with regard to ADA violations in the building that do not affect the blind," and that he therefore did not have standing as to those violations)).

Accordingly, Plaintiff is entitled to seek recovery for all barriers he encountered on Defendants' premises, as well as any barriers related to his disability of which he became aware during discovery.

**(B)     Plaintiff's Evidence**

Irrespective of the scope of Plaintiff's claims, Defendants assert they are entitled to judgment as a matter of law because Plaintiff has inadequate admissible evidence to demonstrate the existence of any barriers.  The Court agrees.

It is well established that if the party moving for summary judgment does not have the burden of proof at trial, it may carry its initial burden by showing that "after suitable discovery . . . the nonmoving party does not have enough evidence of an essential element of its claim . . . to carry its ultimate burden of persuasion at trial." *Hubbard*, 433 F. Supp. 2d 1134 at 1339-40 (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1106 (9th Cir. 2000)).  Here, Plaintiff bears the initial burden at trial to establish that Defendants violated the ADA and related California statutes.  *Rite Aid*, 433 F. Supp. 2d at 1159 (citing 42 U.S.C. § 12183(a)(2)); *Doran*, 524 F.3d at 1048 (plaintiff bears the burden of showing a violation of ADAAG); *Parr*, 96 F. Supp. 2d at 1085.  To do so, Plaintiff must prove "the existence of an architectural barrier and suggest[] a method of removing the barrier that is easily accomplishable and able to be carried out without much difficulty or expense."  *Rite Aid*, 433 F. Supp. 2d at 1159 (internal marks and citation omitted).   This, Plaintiff cannot do.

First, Plaintiff failed to timely designate an expert to testify on his behalf, even though he reasonably could have anticipated expert testimony would be necessary to prove his affirmative case.  [*See* footnote 4, *supra*.]  Plaintiff did not request leave to modify the Scheduling Order to designate an expert after the original deadline expired, nor has he offered any explanation why an expert was not selected.  Instead, Plaintiff relies entirely on his rebuttal expert Settle to demonstrate the presence of the alleged barriers.

Plaintiff's rebuttal expert's testimony, however, is inadmissible to support Plaintiff's affirmative burden at trial.  Because Plaintiff designated Settle only as a rebuttal witness, it is not appropriate for Plaintiff to utilize Settle's testimony to prove his *prima facie* case.  [*See* section I, *supra*; Doc. No. 45-1.]  If Plaintiff intended to rely on Settle to carry his initial burden, he was required to designate Settle as an expert by March 19, 2010.  His failure to do so precludes Plaintiff from now attempting to use Settle in any capacity beyond that of a rebuttal expert.

1    Second, without Settle's declaration and report, Plaintiff has insufficient evidence to

2    demonstrate the existence of the alleged barriers, and that the removal of any barriers is readily

3    achievable.  At deposition, Plaintiff testified that he did not take any notes during his visit to

4    Defendants' premises, and he did not take any photographs or measurements of the alleged

5    barriers.  [*Strong Depo.*, Doc. No. 42-2, Exh. A, p.6:12-7:25.]  Rather, Plaintiff took mental notes

6    of the violations because he has a photographic memory.  [*Id.* at p.7:1.]  Plaintiff's mental notes,

7    however, are of little assistance.  "The ADAAG's requirements are as precise as they are thorough,

8    and the difference between compliance and noncompliance with the standard of full and equal

9    enjoyment established by the ADA is often a matter of inches." *Chapman*, 2011 U.S. App. LEXIS

10   at *9.

11    Plaintiff's recollection of the asserted barriers, as stated at his deposition, lacks sufficient

12   detail to provide a meaningful and accurate description of the offending barriers.  For example,

13   Plaintiff alleges he encountered a barrier in the men's restroom because there was insufficient

14   floor space for him to enter the toilet stall and close the door behind him.  [*Id.* at p.18:17-19:16.]

15   Plaintiff appears to attribute his difficulty to the fact that the stall door opened inward into the stall

16   area, but despite his photographic memory, he is unable to give even an approximate size of the

17   restroom or stall area.  [*Id.* at 18:22-16.]  Without more, the Court cannot determine whether the

18   restroom complies with the applicable guidelines.

19    Similarly, when Plaintiff recounts his struggle to open the restaurant door, he merely

20   indicates it is too heavy and he cannot pull it open himself.  [*Id.* at p.26:11-23.]  While the

21   ADAAG provide that certain doors may not exceed specified pounds of force (i.e., ADAAG

22   4.13.11), Plaintiff does not, and cannot, testify whether the door on Defendants' premises exceeds

23   the allowable limit.  Plaintiff's difficulty opening the door, alone, is not probative of a barrier

24

25

26

27   / / /

28   / / /

- 12 -

within the meaning of the ADA because it does not indicate the pounds of force actually needed to open the door.[8]  In addition, Plaintiff offers no argument nor evidence that any of the purported barriers are easily remedied.

Even if Plaintiff's testimony contained additional detail, it would be insufficient to demonstrate the existence of actionable barriers because Plaintiff does not assert he is an ADA expert or is otherwise qualified to opine whether certain conditions constitute barriers within the meaning of the Act.  In fact, when defense counsel asked Plaintiff at his deposition whether he "observe[d] any ADA violations in April or June of 2009," Plaintiff's counsel objected on the grounds that the question "call[ed] for a legal conclusion or expert testimony."  [*Id*. at p.23:14-17.] Based on Plaintiff's counsel's own statement, Plaintiff is not qualified to provide the expert testimony necessary to show the presence of an ADA violation.  Plaintiff's admitted lack of expertise similarly renders his declaration insufficient to demonstrate the existence of the alleged barriers.[9]

The District Court for the Eastern District of California considered this issue in *Wilson v. Tony M. Sanchez & Co.*  There, the plaintiff, Wilson, offered only his own declaration in support of his motion for summary judgment.  *Wilson*, 2009 U.S. Dist. LEXIS at *7-8.  Wilson's declaration "provided various measurements relating to alleged architectural barriers such as slopes, heights, levels of landings, poundage of pressures etc."  *Id*. at *8.  The court declined to consider Wilson's declaration because he failed to demonstrate how he had personal knowledge of

---

[8] The remainder of Plaintiff's deposition testimony suffers from the same inarticulate descriptions that lack adequate detail to demonstrate the presence of actionable barriers.  [*See, e.g., id.* at p.27:1-4, 24-25 (sidewalk outside restaurant is not wide enough; no measurements provided); p.28:8-19; 29:19-25 (tables have a pole in the center so Plaintiff cannot maneuver his wheelchair underneath; no measurements provided).]

[9] In connection with their opposition to Plaintiff's motion for summary judgment, Defendants move to strike Plaintiff's entire declaration.  [Doc. No. 46.]  Defendants raise several general arguments regarding inadmissibility, as well as forty pages of specific objections to the majority of statements in Plaintiff's declaration.  To avoid an unnecessary and lengthy discussion, the Court advises the parties it has considered the objections.  Many of the objections are well taken, the most pertinent of which the Court explicitly addresses in this Order. To the extent the Court has not referred to particular relevant statements or not otherwise addressed that testimony herein, the Court does so because it has sustained the objection.  However, to the extent that the Court discusses and relies on Plaintiff's statements in this Order, it finds that the testimony is admissible and overrules any objection to it.

1   the information, as there was no indication he personally participated in the relevant

2   measurements. *Id.* The court further found Wilson's declaration was "defective because it

3   contains opinions that constitute expert testimony despite the fact that Wilson has not been

4   disclosed as an expert." *Id.* at *9. In the present case, the majority of statements in Plaintiff's

5   declaration are similarly inadmissible because Plaintiff has not demonstrated he is qualified to

6   express the expert opinions contained therein, or otherwise has personal knowledge of information

7   regarding the alleged barriers.

8       For example, Plaintiff fails to demonstrate that he has personal knowledge regarding the

9   alleged violations contained in paragraphs 6 and 8(a) through 8(v). [*See* Doc. No. 45-2.] Plaintiff

10   states:

11          While I am not able to take measurements myself, I was present while
            another individual took measurements and photographs of the barriers
12          present at the subject restaurant. That individual brought a gauge to
            measure door pressure, a measuring stick, a stop watch, and a Smart
13          Tool device that measures slopes so that precise measurements of all
            the barriers could be taken.

14

15   [Doc. No. 45-2, ¶5.] Although one can assume Plaintiff is referring to Settle, Plaintiff's

16   declaration does not identify the individual who took the measurements and photographs in

17   Plaintiff's presence, when this inspection allegedly took place, what items or locations were

18   measured or photographed, or the results of any measurements. Plaintiff's vague and generalized

19   statements do not demonstrate he has personal knowledge of any barriers. In addition, the

20   majority of Plaintiff's statements in his declaration regarding the alleged violations constitute

21   expert testimony that Plaintiff has not demonstrated he is qualified to provide. *See, e.g., Wilson*,

22   2009 U.S. Dist. LEXIS at *7-13; Doc. No. 45-2, ¶6 (statements regarding slope of the disabled

23   parking).

24       Plaintiff likewise cannot testify to the existence of the barriers in Settle's rebuttal expert

25   report. Plaintiff states he has "reviewed the report of Reed Settles [sic] . . . and have learned from

26   said report that the following barriers continue to exist." [*Id.* at ¶8.] Although Plaintiff can testify

27   that he read Settle's report, Plaintiff cannot offer Settle's conclusions as his own to demonstrate

28   / / /

1   the existence of the alleged barriers.  *See* Fed. R. Evid. 602, 801, 802.  Moreover, Plaintiff cannot

2   introduce indirectly evidence the Court has deemed inadmissible for the intended purpose.

3          Accordingly, given the parties' respective burdens at trial and Plaintiff's lack of admissible

4   evidence, the Court finds summary judgment in Defendants' favor is appropriate as to Plaintiff's

5   ADA claims.

6   **IV.    STATE CAUSES OF ACTION**

7          In addition to his ADA claims, Plaintiff also asserts the alleged barriers violate various

8   provisions of California law, including the Disabled Person's Act (Cal. Civ. Code §§ 54 *et seq.*),

9   the Unruh Civil Rights Act (Cal. Civ. Code §§ 51 *et seq.*), and Health and Safety Code sections §§

10  19955 *et seq*.  The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28

11  U.S.C. § 1367.

12         California's Disabled Person's Act ("CDPA") provides, "Individuals with disabilities . . .

13  have the same right as the general public to the full and free use of the streets, highways,

14  sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and

15  physicians' offices, public facilities, and other public places."  Cal. Civ. Code §§ 54, 54.1(a)(1)

16  (individuals with disabilities entitled to full and equal access to places of public accommodation).

17  Similarly, the Unruh Civil Rights Act provides, "All persons within the jurisdiction of this state

18  are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal

19  accommodations, advantages, facilities, privileges, or services in all business establishments of

20  every kind whatsoever."  *Id.* at § 51(b).  Any violation of the ADA will also constitute a violation

21  of the CDPA and Unruh Civil Rights Act.  *Id.* at § 54(c), 51(f).  Finally, California's Health and

22  Safety Code permits individuals to seek injunctive relief if he or she is denied equal access.  Cal.

23  Health & Safety Code § 19955; *Donald v. Café Royale, Inc.*, 218 Cal. App. 3d 168, 183 n.7

24  (1990).  Only the CDPA and Unruh Civil Rights Act permit plaintiffs to recover damages for each

25  violation; California's Health and Safety Code and the ADA provide only for injunctive relief.

26  *Botosan v. Fitzhugh*, 13 F. Supp. 2d 1047, 1052 (S.D. Cal. 1998); *Boemio v. Love's Restaurant*,

27  954 F. Supp. 204, 207 (S.D. Cal. 1997) ("Monetary damages are not recoverable by private

28  Plaintiffs under the ADA.").

1  Because the Court finds Plaintiff possesses insufficient evidence to state a claim for any

2  violation of the ADA, Plaintiff's state-law claims cannot be premised on ADA liability.  Further,

3  Plaintiff's lack of admissible evidence is fatal to his state claims.  As discussed above, Plaintiff has

4  failed to demonstrate he has the personal knowledge or necessary expert testimony to establish the

5  presence of any barriers that denied him full and equal access to Defendants' premises.  Absent

6  admissible evidence to satisfy Plaintiff's affirmative burden, summary judgment in favor of

7  Defendants is appropriate as to Plaintiff's state-based claims.

8  **V.  ATTORNEYS' FEES**

9  Lastly, Defendants argue they are entitled to attorneys' fees because Plaintiff's action is

10  frivolous.  Under 42 U.S.C. § 12205, the Court has discretion to award the prevailing party in an

11  ADA action its attorneys' fees.  However, "[f]ees are awarded to a prevailing defendant only under

12  exceptional circumstances, upon a finding that the plaintiff's action was frivolous, unreasonable,

13  or without foundation."  *Martinez v. Home Depot USA, Inc.*, 2007 U.S. Dist. LEXIS 56421 *2-3

14  (E.D. Cal. 2007) (quoting *Summers v. A. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997))

15  (internal marks omitted); *Hubbard v. Sobreck*, 554 F.3d 742 (9th Cir. 2008).  Here, Defendants

16  assert Plaintiff's action is frivolous because Plaintiff admits he did not read the Complaint before it

17  was filed, his deposition testimony contradicts the allegations in the Complaint, Plaintiff testified

18  he did not drive to the restaurant so he could not have encountered the alleged barriers in the

19  parking lot, and Plaintiff's action is not supported by admissible evidence.  [*See* Doc. No. 35, p.23-

20  24.]

21  The Court, however, finds an award of attorneys' fees is not appropriate in this case.

22  Although Plaintiff ultimately failed to produce sufficient evidence to carry his burden, the Court is

23  unable to conclude that the action is frivolous.  Accordingly, the parties shall each bear their own

24  attorneys' fees.

25  **CONCLUSION**

26  For the reasons set forth above, the Court **GRANTS** Defendants' motion for summary

27  judgment [Doc. No. 35], **DENIES** Plaintiff's motion for summary judgment [Doc. No. 32]; and

28  **DENIES** Plaintiff's motion for leave to file a first amended complaint as moot [Doc. No. 56].  The

1  Clerk of Court is instructed to terminate the case file and enter judgment in favor of Defendants

2  Valdez Fine Foods (doing business as Peter Piper Pizza #223) and Vestar California XVII, LLC,

3  and against Plaintiff Matt Strong.  Defendants' request for attorneys' fees is denied, however, as

4  the prevailing party, Defendants are entitled to seek their costs as provided in the Federal and

5  Local Rules of Civil Procedure.

6         **IT IS SO ORDERED.**

7

8  DATED:  February 4, 2011

9                                                          Hon. Michael M. Anello
                                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28